UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES LONG,

    Petitioner,

v.                                           Case No: 6:23-cv-1166-RBD-RMN
                                                    (6:16-cr-180-RBD-RMN)

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

This cause is before the Court on initial review of the Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate," Doc. 1) filed by Petitioner pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the Motion to Vacate will be dismissed as a successive motion pursuant to 28 U.S.C. § 2255(h).

**I.  DISCUSSION**

Petitioner seeks relief based on the decision in *Ruan v. United States*, 142 S. Ct. 2370 (2022). However, the Court previously denied Petitioner's request for relief under § 2255 with respect to the same sentence/conviction being challenged in the Motion to Vacate: Case No. 6:20-cv-1245-RBD-RMNS, which was dismissed with prejudice on April 27, 2023. Thus, the Motion to Vacate is a second or successive application.

Pursuant to § 2244(b)(3)(A), the Court cannot consider a second or successive § 2255 motion until a panel of the Eleventh Circuit Court of Appeals authorizes its filing.

As of the date hereof, the Eleventh Circuit Court of Appeals has not granted leave to file a second or successive § 2255 motion. Before Petitioner will be permitted to file a second or successive § 2255 motion in this Court, he must obtain an order from the Eleventh Circuit Court of Appeals authorizing this Court to consider the application.

As a result, under the requirements set forth in § 2244(b), the Motion to Vacate, which is successive, cannot be entertained by this Court, and it will be dismissed without prejudice to allow Petitioner the opportunity to obtain the appropriate authorization.

Petitioner is cautioned that a strict limitation governs the filing of a first or a successive motion under § 2255. The Supreme Court has stated that "if this Court decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his § 2255 motion." *Dodd v. United States*, 545 U.S. 353, 358-59 (2005). Therefore, the year within which to file a successive § 2255 petition begins to run on the day the Supreme Court initially recognizes the new rule, not the day the rule becomes retroactive.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is **DENIED without prejudice**.

2. This case is hereby **DISMISSED without prejudice**, and the Clerk of the Court is directed to close this case. A copy of this Order shall also be filed in criminal case number 6:16-cr-180-RBD-RMN.

3. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 115) filed in criminal case number 6:16-cr-180-RBD-RMN is **DENIED without prejudice**.

**DONE** and **ORDERED** in Orlando, Florida on June 27, 2023.



ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Party